IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH BLAIR,<br><br>               *Plaintiff*,<br><br>  v.<br><br>THE VANGUARD GROUP, INC.,<br><br>               *Defendant*. | Case No. 18-cv-05255 |

**STIPULATION AND [PROPOSED] ORDER OF CONFIDENTIALITY**

1. This Stipulation and Order of Confidentiality shall govern the use and disclosure of all "Discovery Materials," as defined below, that are created or produced in connection with the above-captioned action.

2. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any nonparty to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

3. "Confidential Information" shall mean any proprietary business or commercial information including but not limited to information regarding customers; any trade secret or other commercial or financial information that would result in competitive or commercial harm in the marketplace; sensitive personnel information including performance evaluations and disciplinary history, individual pay and benefits information, and other information that, if

openly disclosed, might adversely affect or prejudice the party's business or the privacy interests of any party; or any one that is entitled to similar protection under any other law or rule that hereafter becomes applicable to this action.

4. "Confidential Discovery Material" shall mean that portion of Discovery Material that contains Confidential Information that has been designated as such.

5. "Highly Confidential Information" shall mean sensitive personal information regarding individuals who are not parties to this action including but not limited to Social Security numbers; nonpublic contact information; medical information; complaints and allegations of discrimination, harassment, and/or retaliation; performance evaluations and disciplinary records; and individual pay and benefits information.

6. "Highly Confidential Discovery Material" shall mean that portion of Discovery Material that contains Highly Confidential Information.

7. Any party or nonparty may designate any Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material in the following manner:

(a) Any Discovery Material may be designated as Confidential Discovery Material or Highly Confidential Discovery Material by either: (i) marking, either before or as the document is produced, the term "Confidential" or "Highly Confidential" on each page of the document that contains Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) if a document produced is not marked "Confidential" or "Highly Confidential," but is later determined to be "Confidential" or "Highly Confidential," notifying the other party in writing of the "Bates" number (if such a number has been placed on that document, and if not, otherwise identifying the document for the other party) of each page of the document that contains Confidential Discovery Material or Highly Confidential Discovery Material.

(b) Depositions or other pretrial testimony also may be designated either by a statement on the record by counsel at the time of disclosure or by notifying counsel for all other parties in writing within thirty (30) days after receipt by counsel for the witness or deponent of the transcript of such depositions or other pretrial testimony. Such notice must identify the exact page and line numbers (or, if on the record, the beginning point and end point) of the testimony that is being designated as Confidential or Highly Confidential. Counsel for the witness or deponent may instruct the witness or deponent to provide the testimony containing Confidential or Highly Confidential Information only if persons who are not authorized per this Stipulation and Order to receive such information are not present in the room when the witness or deponent provides such testimony. In addition, counsel for the witness or deponent shall affix the legend "Confidential" or "Highly Confidential" to only those pages of the original transcript that contain designated material and to all corresponding pages of all copies of such transcript, or by indicating in written correspondence the specific page and line numbers of the transcript that are being designated as such. Only those portions of each transcript so designated as "Confidential" or "Highly Confidential" in this action shall be deemed Confidential or Highly Confidential Discovery Material. All transcripts of depositions or other pretrial testimony shall automatically be deemed to be Confidential or Highly Confidential until the end of the thirtieth (30th) day after their receipt by counsel for the witness or deponent.

(c) To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, e-mails, databases, or programs stored on any digital or analog machine-readable device, computer, disk, network, or tape) is produced in such form, the producing party or any other party may designate such material as Confidential or Highly Confidential Discovery Material by affixing a label on the media or its casing indicating

such designation accompanied by a cover letter specifying the exact portions of the electronic or magnetic media that contains Confidential or Highly Confidential Discovery Material.

    (d)  Any Discovery Material produced prior to the execution of this Stipulation and Order may be designated as Confidential Discovery Material or Highly Confidential Discovery Material by providing written notice of same to all parties within thirty (30) days after the execution of this Stipulation and Order or within thirty (30) days after any Discovery Material obtained from third parties has been disclosed and, if requested, produced to opposing counsel, whichever is later.

    (e)  If a party disagrees with any designation of Discovery Materials as Confidential Discovery Material or Highly Confidential Discovery Material, that disagreement shall be conveyed to the opposing party within thirty (30) days of the disputed designation. Upon notice of such dispute, the producing party shall explain in writing the basis for the designation and shall identify the specific portion of each page of the Discovery Materials that constitutes Confidential or Highly Confidential Information. If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution in accordance with the procedures set forth in Paragraph 15 of this Stipulation and Order.

  8.  Confidential Discovery Material or Highly Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this litigation only and not for any business, other litigation, or other purpose.

  9.  Confidential Discovery Material:

    (a)  shall be disclosed only to:

      (i)  the Court and court personnel employed in connection with this action, including court reporters and videographers;

      (ii) outside and inside counsel who represent the parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, for use in accordance with this Stipulation and Order;

      (iii) any mediators or personnel employed in connection with any dispute resolution procedures;

      (iv) outside independent consultants or experts assisting counsel for the parties in this action (including potential experts);

      (v) Plaintiff Deborah Blair; and

      (vi) actual or potential deponents or witnesses in this action, and their counsel, during the course of or to the extent necessary in preparation for deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action, provided that the receiving party shall maintain a written record of each person to whom Confidential Discovery Material was disclosed pursuant to this provision, and evidence that the person agreed in writing, in the form attached hereto as Exhibit A, to be bound by this Stipulation and Order in connection with those materials, and that the producing party shall be entitled to review that record of Confidential Discovery Material disclosures where the producing party has good cause to believe that information has been disclosed in violation of this Stipulation and Order; and

    (b) shall be copied only by attorneys of record, clerical personnel employed by such attorneys, or independent copying services engaged by such attorneys, provided that the attorneys engaging a copying service have no reason to believe that that service or any of its employees are likely to disclose or use any Confidential Discovery Material or Highly

Confidential Discovery Material in a way that would violate this Stipulation and Order if the service and its employees were bound by this Stipulation and Order.

10. Each person to whom Confidential or Highly Confidential Discovery Material, or data and information obtained, derived, or generated from Confidential or Highly Confidential Discovery Material, is disclosed or made available pursuant to Paragraph 9(iv)-(vi) herein (excluding the parties to this action) shall first be advised of the existence and the contents of this Stipulation and Order, and shall execute an Acknowledgment in the form, attached as Exhibit A to this Stipulation and Order. No such person shall divulge any Confidential or Highly Confidential Discovery Material, or any data and information obtained, derived, or generated from Confidential or Highly Confidential Discovery Material, to any other person, except as provided herein.

11. All provisions of this Stipulation and Order applicable to Confidential Discovery Material shall apply to Highly Confidential Discovery Material, except that Highly Confidential Discovery Material shall not be disclosed to any persons other than those described in Paragraphs 9(a)(i), (ii), and (iii) of this Stipulation and Order and, in the course of a deposition or trial, a party may show Highly Confidential Discovery Material to a deponent or trial witness when that person has access to that material in the normal course of his or her employment.

12. Any party filing documents that contain Confidential or Highly Confidential Discovery Material shall either redact such Confidential or Highly Confidential Information or request that the documents, or portions thereof, containing such information be filed and maintained under seal of the Clerk of the U.S. District Court for the Eastern District of Pennsylvania prior to filing such Discovery Material.

13. Notwithstanding the provisions of Paragraphs 8, 9, 10, and 11, this Stipulation and Order has no effect upon, and shall not apply to, any producing party's use of its own Confidential or Highly Confidential Discovery Material for any purpose, provided that party does not have an independent obligation to maintain the confidentiality of such material. Subject to the provisions of Paragraph 20, and provided that neither the initial disclosure by the producing party of Confidential or Highly Confidential Discovery Material nor any subsequent disclosure of such Material is inadvertent, if a producing party discloses Confidential or Highly Confidential Discovery Material produced by that party to any individual not authorized to receive such Discovery Material under the terms of this Stipulation and Order, then the receiving party may disclose that Discovery Material to other individuals as well.

14. The designation of Discovery Materials as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Stipulation and Order shall not constitute a ruling that those materials actually contain Confidential or Highly Confidential Information.

15. If a party or a nonparty concludes that Discovery Materials or portions thereof designated as Confidential Discovery Material or Highly Confidential Discovery Material by any other party or nonparty do not actually include Confidential or Highly Confidential Information and, therefore, do not warrant the protection claimed for them under this Stipulation and Order, it may so notify all parties and any concerned nonparty in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties and nonparties shall confer in good faith in order to resolve the objection to the designation of confidentiality. If it is not possible to resolve the objection within fourteen (14) days after service of the notice, then the producing party shall have fourteen (14) days to move for an Order

of this Court confirming the designation of those materials as Confidential or Highly Confidential. The designated Discovery Materials shall continue to be treated as Confidential Discovery Material or Highly Confidential Discovery Material under this Stipulation and Order until the Court rules on the producing party's motion.

16. If any Confidential or Highly Confidential Discovery Material or Information, and/or data obtained, derived, or generated therefrom, is sought through discovery or otherwise from a receiving party or its counsel by any person, in any subsequent judicial or administrative proceeding, the receiving party agrees that it will immediately notify the producing party so as to permit the producing party to seek a protective order from the appropriate court. With respect to the notification required by this paragraph, Plaintiff shall notify Sarah E. Bouchard of Morgan, Lewis & Bockius LLP in writing and Defendant shall notify Brian L. McCarthy of Egan & McCarthy in writing.

17. By stipulating to this Stipulation and Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Stipulation and Order on the grounds that those Discovery Materials contain especially sensitive Confidential or Highly Confidential Information.

18. The provisions of this Stipulation and Order shall not terminate at the conclusion of this action. The receiving party shall destroy Confidential and Highly Confidential Discovery Material at the conclusion of the litigation and promptly certify in writing that it has done so, including all copies of such documents that may have been made.

19. If any party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Material designated as Confidential Discovery Material or Highly

Confidential Discovery Material, it shall serve reasonable advance notice thereof on all other parties and concerned nonparties, if any, in order to afford the parties and nonparties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

20.     The inadvertent or unintentional production to a receiving party or to a third party by either party of Confidential Discovery Material or Highly Confidential Discovery Material that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party to which the information was disclosed shall not be held to have violated this Stipulation and Order because it did not treat that information as confidential between the time it was disclosed and the time when the party that disclosed it notified the other party of the designation of that information as Confidential Discovery Material or Highly Confidential Discovery Material.

21.     In the event that a producing party discovers that information or documents that are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within a reasonable time after discovery of the error and provide a privilege log to the receiving party that complies with the Federal Rules of Civil Procedure.  The receiving party shall return all copies of the information or documents to the producing party within fourteen (14) days of receipt of such notice. However, within fourteen (14) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one (1) copy of the disputed privileged material for in

camera review together with an explanation as to why the information or documents should not be deemed privileged. The producing party shall then have fourteen (14) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work-product doctrine. The fact that privileged documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine.

22. The parties may extend any time limits prescribed in this Stipulation and Order without leave of Court by mutual agreement in writing.

Respectfully submitted,

| **EGAN & MCCARTHY** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| By: */s/ Brian L. McCarthy* | By: */s/ Sarah E. Bouchard* |
| Brian L. McCarthy<br>Egan & McCarthy<br>657 Exton Commons<br>Exton, PA 19341<br>Tel.: 610.567.3436<br>Email: eganmccarthylaw@gmail.com | Sarah E. Bouchard (PA ID 77088)<br>Margaret M. McDowell (PA ID No. 322619)<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA  19103<br>Tel: 215.963.5000<br>Fax: 215.963.5001<br>Email: sarah.bouchard@morganlewis.com<br>         margaret.mcdowell@morganlewis.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| Dated:  February 21, 2019 | Dated:  February 21, 2019 |

SO ORDERED this _____ day of _____, 2019.

_____
         Hon. Paul S. Diamond

## **EXHIBIT A**

I have read the Stipulation and Order of Confidentiality between Deborah Blair and The Vanguard Group, Inc., and I understand the responsibilities and obligations the Stipulation and Order of Confidentiality imposes on persons to whom information designated as Confidential and Highly Confidential is disclosed.  In accordance with Paragraphs 9 and 10 of the Stipulation and Order of Confidentiality, I agree to comply with the Stipulation and Order of Confidentiality with regard to all material marked Confidential or Highly Confidential being disclosed to me.

This _____ day of _____, 20____.

_____